### H. C. COOK CO. v. LITTLE RIVER MFG. CO.

(Circuit Court, D. Connecticut. October 31, 1907.)

#### No. 1,123.

PATENTS—SUIT IN EQUITY FOR INFRINGEMENT—SUPPLEMENTAL BILL TO BRING IN NEW PARTIES.

> After a suit for infringement of a patent against a corporation has been litigated to a conclusion on the merits, resulting in an interlocutory decree sustaining the validity of the patent, and directing an accounting for profits and damages, and the master has taken such accounting, the court will not permit the complainant by a supplemental bill to bring in officers or directors of defendant to charge them with liability as individuals upon the final decree which may be entered, but will leave him to his remedy by a plenary suit, in which the defendants may have their day in court.

In Equity. On petition for leave to file supplemental bills. See 136 Fed. 414.

Verrenice Munger and George D. Seymour, for complainant. Williams & Harriman, for defendant.

PLATT, District Judge. The original bill herein offers a peculiar and rather interesting story. It is a patent suit, based on a fingernail-clipper patent (No. 569,903, October 20, 1896), demanding the usual remedies. At the hearing on the merits I found a trace of invention in the patent which saved its life, but the quantity was so trifling that I thought the defendant's device avoided it. The higher court was persuaded by my expressed views to sustain the patent, but thought that defendant invaded the territory pre-empted by one of the claims. As a result of such action an injunction was granted, and a master appointed to take an account of damages and profits and report.

Complainants in their petition say that during the accounting they discovered that the four directors of the defendant company, as individuals, aided and abetted the corporation defendant in the infringing acts, and that by reason of such acts the defendant has become insolvent, and therefore demand that said directors, as individuals, be made jointly responsible with the defendant for the damages, if any, which may be found due the complainant on the master's report. They

did not file the petition when they first learned the facts, but say with delicious frankness that it was not worth while to do so until they knew what view the master would take of their contentions on the accounting against the defendant company. In opposing the petition, the directors, as individuals, say that they have only acted as officers of the corporation; that they have not received a penny of salary or of profit, and never will; and that their official action was animated by the best of faith. They further say that the defendant was solvent at the start, and that they had no idea, when as officials they were directing the management of the defendant, that it was likely to be financially embarrassed; and that the whole trouble is that the complainant has ruined it by insistent and successful attack in this litigation. My view of the matter relieves me from deciding the disputed questions of fact, if indeed any exist.

Let us assume that all which the complainant alleges, and much more, is true. Up to this time the only defendant has been the corporation itself. If the directors have committed individual wrongs upon the complainant, they cannot as individuals be said to have been privies in the pending suit. It is now proposed to foreclose them from all right to litigate the validity and infringement of the patent, and to bind them by the results of the master's report, if the court happens to accept any part of his recommendations. There is nothing left to litigate, except the question of individual responsibility on the part of the four directors. Such action would deprive these new parties of at least two days in court—one on the patent, and one on damages and profits. If the complainants think that the entire course pursued by the organizers of the defendant corporation spells out a conspiracy, then obviously, the evil having been done, the remedy is in law rather than equity, but they have not gone to the extent of making such a charge as that. After unusually careful deliberation, induced by the peculiarity of the situation and an intense desire to do absolute justice, I am convinced that it would be a great abuse of my discretionary power as an equity judge to permit the filing of the supplemental bill.

The petition is denied.